STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY BURKE and ANGELIA MCGLADE, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PAYGOV.US LLC,<br><br>　　　Defendant. | Case No. 1:26-cv-250<br>(Removal from Marion Superior Court<br>Cause No. 49D01-2511-CE-054307) |

**NOTICE OF REMOVAL**

Defendant PayGov.US LLC ("PayGov"), hereby removes the above captioned action from the Marion Superior Court, Marion County, Indiana to the U.S. District Court for the Southern District of Indiana pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), and 28 U.S.C. §§ 1441(a) and 1446.

In support of this notice, PayGov states the following:

**I.   Summary of Action**

1. On November 18, 2025, Plaintiffs Amy Burke and Angelia McGlade filed an action captioned *Amy Burke and Angelia McGlade, on behalf of themselves and all others similarly situated v. PayGov.US LLC*, under Cause No. 49D01-2511-CE-054307 on the Indiana Commercial Court docket of the Marion Superior Court (the "State Court Action"). Pursuant to Local Rule 81-2(d), a copy of the operative complaint in the State Court Action is attached hereto as **Exhibit A**.

1

2. In the State Court Action, Plaintiffs allege that PayGov, a service provider offering electronic payment and reporting solutions to state and local government entities (collectively, "Agencies"), violated the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5-0.1 *et seq.*, and were unjustly enriched when PayGov charged Plaintiffs "convenience fees" in exchange for facilitating Plaintiffs' payments by credit card of utility bills owed to Agencies. [*See generally* Compl.].

3. Plaintiffs each voluntarily paid their utility bills with a credit card using PayGov's payment processing platform instead of paying the bills via an alternative fee-free method, such as by delivering cash or a check to her respective Agency. [Compl. ¶¶ 59-60, 68, 76-77, 86]. Burke paid convenience fees on at least 15 occasions between November 2022 and June 2025 [*id.* ¶¶ 68, 73], and McGlade did so on at least 6 occasions in 2024 [*id.* ¶¶ 86].

4. Plaintiffs allege they could have avoided paying PayGov's conveniences fees if they had paid their utility bills in cash or by check. [*Id.* ¶ 33].

5. Plaintiffs allege that PayGov deceived them by, *inter alia*, not telling them they could avoid paying the fees if they paid their utility bills by cash or check or explaining how the fees are calculated. [*Id.* ¶¶ 65, 74, 82, 83, 88, 106 and at p. 31 ¶ B].

6. Plaintiffs served PayGov with a summons and a *Class Action Complaint* in the State Court Action on November 18, 2025.

7. Plaintiffs seek to maintain a class action consisting of the following proposed class: "All individuals who were required to pay a convenience fee to PayGOV

during the Relevant Time Period."

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a copy of the State Court Record is attached hereto as **Exhibit B**.

9. No substantive motions have been filed or resolved in the State Court Action. There is no pending motion in the State Court Action.

10. Plaintiffs brought the State Court Action on behalf of themselves as well as a putative class described above.

11. Plaintiffs, on behalf of themselves and the putative class members, seek relief in the form of the greater of compensatory damages and statutory damages of not less than $500 per person (or $1,000 per person upon proof of a "willful deceptive act"), pre- and post-judgment interest, attorneys' fees and expenses, punitive damages, and injunctive relief. [*Id.* at p. 31].

## II.  No Admission

12. By representing that this matter is removable to this Court, PayGov does not waive, and expressly reserves, its arguments that this action is incapable of being certified as a class action. Further, for the purpose of establishing this Court's jurisdiction, PayGov assumes as true Plaintiffs' allegations in the Complaint. PayGov denies liability, both as to Plaintiffs' individual claims and the proposed class members' claims. PayGov hereby reserves all of its defenses and rights, and nothing herein should be construed to concede the truth of any of Plaintiffs' allegations or waive any of PayGov's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not

mean that Defendant concedes that Plaintiffs has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

### III. Statutory Grounds for Removal

10. This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453. These statutes provide that a class action is a civil action filed under either Fed. R. Civ. P. 23 or a similar state statute or rule that authorizes one or more representative persons to maintain a class action. *See* 28 U.S.C. § 1332(d)(1)(B). In this case, Plaintiffs alleged an entitlement to class certification under Rule 23 of the Indiana Rules of Trial Procedure [Compl. ¶ 92], which authorizes class actions, as does Rule 23 of the Federal Rules of Civil Procedure.

11. This action is removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453. Section 1441(a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending." Removal to this Court is therefore proper because the U.S. District Court for the Southern District of Indiana, Indianapolis Division, comprises, among other Indiana counties, Marion County. 28 U.S.C. § 94(b)(1).

12. As explained in greater detail below, this Court has original jurisdiction over

this case under 28 U.S.C. § 1332(d)(2)(A) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and numerous putative class members are citizens of states different from PayGov. As such, this action is removable under 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with the procedure for removal of civil actions identified in 28 U.S.C. § 1446.

### IV. Aggregate Number of Proposed Class Members

13. Plaintiffs seek to represent a class of "[a]ll individuals who were required to pay a convenience fee to PayGOV during the Relevant Time Period." [Compl. ¶ 90]. Plaintiffs do not allege what the "Relevant Time Period" is. For purposes of this notice, PayGov assumes that the "Relevant Time Period" includes transactions occurring on dates that are within the IDCSA's two-year limitations period. I.C. § 24-5-0.5-5(c).

14. During the period between November 14, 2023,[1] to February 4, 2026, more than 200 individuals and businesses ("Cardholders") paid convenience fees to PayGov to process card transactions relating to amounts billed by the Town of Dana and the Town of Farmland. [Affirmation of Laura Hiatt ¶ 8, attached hereto as **Exhibit C**]. The proposed class therefore contains more than 100 members and exceeds the number required by 28 U.S.C. § 1332(d)(5)(B).

---

[1] This date is two years prior to the commencement of the State Court Action.

## V. Citizenship of Parties

15. PayGov is an Indiana limited liability company ("LLC") with its principal place of business in Indiana. Ordinarily, for purposes of federal diversity jurisdiction an LLC is a citizen of every state in which its members are citizens. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). However, under CAFA, which applies here, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business. *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (citing 28 U.S.C. § 1332(d)(10)). Therefore, PayGov is deemed to be an Indiana citizen.

16. Plaintiffs allege that they are each an Indiana citizen. [Compl. ¶¶ 17-18].

17. PayGov received convenience fees from Cardholders located in numerous states other than Indiana. Between November 14, 2023, and February 4, 2026, Cardholders paid convenience fees to PayGov to process card transactions for Agencies located in more than 20 states. In and after August 2024, at least one Cardholder paid convenience fees to PayGov to process card transactions for utility bills owed to the City of Hudson, Ohio for a service address located within the service area of that Agency. [Hiatt Aff. ¶ 9].

18. Based on the foregoing, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

19. More than 50% of the transactions processed by PayGov between November 14, 2023, to February 4, 2026, were for Agencies located in states other than Indiana. [Hiatt Aff. ¶ 10]. Therefore, neither the "local controversy" exception nor the "home-state controversy" exception applies. 28 U.S.C. § 1332(d)(4)(A), (B).

## VI. Amount in Controversy

10. The requisite amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). PayGov's burden to demonstrate the amount in controversy is low; it needs to show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted). To satisfy the amount-in-controversy requirement, a removing defendant may rely on the allegations of the complaint. *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022).

11. PayGov denies that Plaintiffs' claims have merit and denies that Plaintiffs are entitled to any monetary or other relief. Solely for purposes of removal, however, and without conceding that Plaintiffs or any putative class member are entitled to damages, the aggregated claims of the putative class exceed the jurisdictional minimum of $5,000,000.

12. Plaintiffs' proposed nationwide class seeks relief under the IDCSA. [Compl. ¶¶ 109-121]. Under the IDCSA, a consumer "relying upon an uncured or incurable deceptive act may bring an action *for the damages actually suffered as a consumer* as a result of the deceptive act or five hundred dollars ($500), whichever is greater."

Ind. Code § 24-5-0.5-4(a) (emphasis added).

13. Plaintiffs allege that "PayGOV's conduct includes incurable deceptive acts that PayGOV engaged in as part of a scheme, artifice, or device with intent to defraud or mislead[,]" and that they and the putative class members are entitled to the relief provided in § 4(a) of the IDCSA. [Compl. ¶¶ 118, 121].

14. PayGov collected more than $5,000,000 in gross convenience fees from Cardholder transactions processed between November 14, 2023, to February 4, 2026. [Hiatt Aff. ¶ 10].

15. Based on Plaintiffs' allegations (which PayGov denies) and PayGov's records, it is not "legally impossible" that a class recovery of actual damages (i.e., the convenience fees collected by PayGov from transactions within the two-year limitation period) could be greater than the $5,000,000 jurisdictional threshold. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

## VII. Timeliness of Removal

16. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt by the defendant of a copy of the complaint *only if* the case stated by the initial pleading is removable; if not, the notice of removal must be filed within 30 days after a defendant receives "a copy of an amended pleadings, motion, order, or other paper from which it may first be ascertained that the case is one which is or

has become removable." 28 U.S.C. § 1446(b)(1), (3); *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 697-98 (7th Cir. 2022).

17. "When the thirty-day clock starts is not a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation. Rather, the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Rock Hemp*, 51 F.4th at 698 (cleaned up). "[I]nquiry into the subjective knowledge of the defendant and assessment of what the defendant should have discovered is improper." *Id*. "The thirty-day deadline only begins to run when the plaintiff "affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Id*. at 69-700 (cleaned up).

18. Plaintiffs did not specify the amount of damages they seek in their complaint in the State Court Action and have never done so in any other paper served on PayGov at any time. Accordingly, the 30-day removal clock has not begun to tick. This notice of removal is timely filed.

### VIII. Notice in the State Court Action

19. Pursuant to 28 U.S.C. § 1446(d), PayGov will promptly serve on Plaintiffs and file in the State Court Action a "Notice of Filing of Notice of Removal," attaching a copy of this notice thereto.

Date: February 6, 2026

_____
Jason L. Fulk (IN 24890-53)
J Fulk Legal, LLC
4000 W. 106th St., Ste. 125-136
Carmel, IN 46032
Phone: (317) 225-9480
E-mail: jason@jfulklegal.com

Attorney for Defendant PayGov.US LLC

## VERIFICATION OF COMPLETENESS OF STATE COURT RECORD

Pursuant to Local Rule 81-2(a), I verify that the State Court Record attached hereto is complete as of the date of removal.

_____
Jason L. Fulk

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed via ECF on February 6, 2026, and served upon the following via e-mail and U.S. First Class Mail, postage prepaid, on the same date:

Tyler B. Ewigleben
Jennings & Early PLLC
500 President Clinton Ave., Ste. 110
Little Rock, AR 72201

_____
Jason L. Fulk